USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/14/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 23-cr-351 (MKV) |
| -against- | ORDER DENYING |
| DAVID DORSETT, | MOTION TO RECONSIDER |
| Defendant. | DENIAL OF RELEASE |

MARY KAY VYSKOCIL, United States District Judge:

Defendant David Dorsett is currently detained pending sentencing after pleading guilty to interstate communications with intent to extort in violation of Title 18 United States Code Section 875(d) and 2. Defendant has requested that the Court order his immediate release from custody while he awaits sentencing so that he can return home to Wichita, Kansas to tend to his ill father and mother. After the Court denied Defendant's initial request, Defendant filed a third letter motion, requesting that the Court reconsider its denial of Defendant's motion for release.

## BACKGROUND

On August 3, 2023, Defendant was presented and arraigned before Magistrate Judge Cott in connection with the Indictment [ECF No. 4], charging Defendant with Interstate Communications with Intent to Extort in violation of 18 U.S.C. Section 875(d) and 2, and Repeated Harassing Communications in violation of Title 47 United States Code Section 223(a)(1)(E). At the arraignment, Magistrate Judge Cott remanded Defendant based on his determination that Defendant presented a danger to the victim and to the community that could not be addressed by any set of conditions of release. [ECF No. 7].

On September 19, 2023, at a preliminary conference, defense counsel made a bail application requesting that Defendant be released to home detention in Kansas with his parents,

on $100,000 personal recognizance bond cosigned by his parents, secured by his parents' property. [ECF No. 21]. The Court denied Defendant's application, finding that the record demonstrated "there is clear and convincing evidence that [Defendant] does pose a danger, most specifically to the victim, but to the community at large." [ECF No. 21]. In so finding, the Court considered the "strong" and "compelling evidence outlined in the Complaint, Defendant's "fairly extensive criminal history, including a number of arrests" that reflect violent behavior, and the similarity between the charges in the pending action and prior arrests. [ECF No. 21].

On October 12, 2023, pursuant to a Plea Agreement, Defendant pled guilty to Count One of the Indictment, charging Defendant with transmitting interstate communications with intent to extort, in violation of Title 18, United States Code, Sections 875(d) and 2. His conviction carries a maximum term of imprisonment of two years. *See* 18 U.S.C. § 875(d). Following his plea, Defendant was remanded pending sentencing pursuant to Title 18, United States Code, Section 3143(a). Defense counsel did not move for Defendant's release upon his conviction.

In the late evening on Friday, November 10, 2023, Defense counsel filed a letter motion requesting Defendant's immediate release from custody, asking that he be allowed to return to Wichita, Kansas pending sentencing due to a family medical emergency. [ECF No. 23]. The letter, in sum, stated that Defendant's father unexpectedly fell ill and was admitted to intensive care at his local hospital in Kansas. [ECF No. 23]. In a letter from his father's physician, the physician stated that the fatality rate for his father's condition is very high and there is a strong possibility that Defendant's father will not be able to return home. [ECF No. 23]. The letter further stated that Defendant's mother suffers from Parkinson's disease and is physically impaired, therefore, it would be impossible for Mrs. Dorsett to care for her husband, and it would be impossible for her husband to care for her. [ECF No. 23]. Defense counsel filed a subsequent letter in support on

Monday evening, November 13. [ECF No. 24]. The Government objected to Defendant's motion. [ECF No. 23].

The Court denied Defendant's motion on November 13. [ECF No. 25]. The next day, Defendant filed a third letter motion, requesting that the Court reconsider its denial of Defendant's motion for release from custody. [ECF No. 26]. The motion attaches as an exhibit a further letter from the doctor of Defendant's father stating, "recovery is unlikely" and "if [Defendant] is going to see his father before he passes away, he needs to come home now." [ECF No. 26]. To date, no responses have been filed by the Government.

## **DISCUSSION**

Pursuant to Title 18, United States Code, Section 3143(a), a district court "shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, **be detained**, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." Under Section 3143(a) there is a **presumption of detainment** pending sentencing. Despite the fact that Defendant argues he "pleaded guilty to a Guidelines range of 0 – 6 months," [ECF No. 26], for the reasons set forth in detail on the record at the October 12 preliminary conference (and discussed above), the Court has determined that "there is clear and convincing evidence that [Defendant] does pose a danger, most specifically to the victim, but to the community at large." [ECF No. 21]. Defendant has not proffered any arguments to the contrary since he pleaded guilty on October 12.

Defendant's letter motions merely request that "in light of these emergency circumstances" related to Defendant's parents, the Court release him from custody pending sentencing and allow

him to live in Wichita, Kansas. [ECF No. 23]. The Court notes that Defendant's request does not seek permission to travel home for a discrete period of time. Instead, Defendant requests that he be **released**—**entirely**—from custody pending sentencing. [ECF Nos. 23, 24, 26]. Notably, Defendant cites no legal authority to support his request.

The Court finds no basis to grant Defendant's request for release. Assuming, *arguendo*, that compassionate release under Title 18 United States Code Section 3582(c)(1)(A)(i) for "extraordinary and compelling reasons" is available ***pre*-sentencing** (though the Court is not aware of any legal precedent within this Circuit saying it does),[1] Defendant does not meet that extremely high standard. Section 3582(c)(1)(A)(i) provides for compassionate release upon a showing of "extraordinary and compelling reasons" for "family circumstances of the Defendant." *See* 28 U.S.C. § 994(t); *see also* USSG § 1B1.13(b)(3). However, release for "family circumstances" is limited. In fact, prior to the November 1, 2023 Amendments to the Sentencing Guidelines, "family circumstances" exclusively applied to the care needed for a spouse or minor children, not parents. The November 2023 Amendments added a new, narrow provision for cases in which a defendant's parent is incapacitated "**when the defendant would be the *only* available caregiver**." USSG § 1B1.13(b)(3)(C) (emphasis added). Here, Defendant does not contend that he is the sole available caregiver for his mother. Moreover, his father is currently hospitalized and, therefore, under the care of medical professionals.

While the court is sympathetic to Defendant's circumstances, they do not warrant release. Again, even if compassionate release pursuant to Section 3582(c)(1)(A)(i) were applicable in this case, the statute "only authorizes release where the family circumstances are truly 'extraordinary

---

[1] In fact, the Second Circuit has expressly stated that "Section 3582(c)(1)(A) authorizes a court to reduce a ***previously imposed term of imprisonment*** upon finding that 'extraordinary and compelling reasons warrant such a reduction.' " *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (emphasis added).

and compelling,' and not merely the inevitable circumstances families face when a family member is incarcerated." *United States v. John*, No. 15 CR 208, 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020) ("Being . . . unavailable to care for aging parents [is] but [a] sad and inevitable consequence[] of incarceration."); *see also United States v. Chambliss*, No. 09-cr-274-2, 2022 WL 4110246, at *2 (S.D.N.Y. Sept. 7, 2022) (denying compassionate release for defendant who argued he was needed to care for his mother); *United States v. Sanchez*, No. 01-cr-74-2, 2022 WL 4298694, at *3 (S.D.N.Y. Sept. 19, 2022) (denying compassionate release for defendant who argued he was needed to care for his ailing parents).

For the foregoing reasons, Defendant's motion requesting that the Court reconsider its denial of Defendant's motion for release from custody is DENIED.

The Clerk of Court is respectfully requested to terminate docket entry number 26.

**SO ORDERED.**

Date:  November 14, 2023        **MARY KAY VYSKOCIL**
       New York, NY              **United States District Judge**