```
                                              USDC SDNY
                                              DOCUMENT
                                              ELECTRONICALLY FILED
                                              DOC #:_____
                                              DATE FILED: 3/21/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA, | 23-cr-351 (MKV) |
|---|---|
| -against- | **ORDER DENYING DEFENDANT'S MOTION FOR A SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)** |
| DAVID DORSETT, | |
| Defendant. | |

MARY KAY VYSKOCIL, United States District Judge:

On March 1, 2024, the Court sentenced Defendant Dorsett to a term of imprisonment of thirteen months to be followed by one year of supervised release. [ECF No. 56]. After imposing a sentence of imprisonment, the Court remanded Dorsett to the custody of the U.S. Marshals, and Dorsett was placed in custody at the Brooklyn Metropolitan Detention Center ("MDC") the same day. [ECF No. 56]. On March 19, 2024, defense counsel for Dorsett filed a letter motion requesting that the Court reduce Dorsett's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act of 2018 due to his diverticulitis diagnosis that he has had since 2012, but which has worsened since the March 1 sentencing. [ECF No. 57]. The same day, the Court endorsed the letter directing that, if the Government wished to be heard on Defendant's request, it submit a letter on the docket by no later than the following day. [ECF No. 58]. The Government filed a letter Memorandum of Law in Opposition in response. [ECF No. 59].

Section 3582(c)(1)(A) authorizes a court to reduce a previously imposed term of imprisonment upon finding that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). A court deciding a compassionate release motion can consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it]." *Keitt*, 21 F.4th at 71

1

(quoting *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020)).  "But there are [certain] requirements that must be satisfied before a court can grant such relief."  *Id*.

Before a district court can reach the merits of a motion made pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), absent waiver or forfeiture by the Government, the inmate must exhaust administrative remedies by requesting such relief from prison authorities.  Specifically, an inmate may ask the sentencing court to consider reducing a sentence only "*after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A) (emphasis added); *see also United States v. Saladino*, 7 F.4th 120, 124 (2d Cir. 2021); *Keitt*, 21 F.4th at 71.

Although the Second Circuit has held that "[t]he exhaustion requirement in [Section] 3582(c)(1)(A) is not a jurisdictional limitation" and thus, the Government may waive or forfeit the requirement, *see United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021), the Second Circuit has also held that absent such waiver, an inmate must exhaust administrative remedies by requesting such relief from prison authorities before seeking judicial relief.  *Keitt*, 21 F.4th at 71; *see also United States v. Diaz*, No. 90 Cr. 861 (KMW), 2022 WL 17090613, at *2 (S.D.N.Y. Nov. 21, 2022) ("A district court . . . may not excuse a defendant's failure to comply at all with § 3582(c)(1)(A)'s mandatory exhaustion requirement if the government properly invokes it.") (citing *United States v. Ogarro*, No. 18 Cr. 373 (RJS), 2020 WL 1876300, at *5 (S.D.N.Y. Apr. 14, 2020)); *United States v. Sessum*, No. 15 Cr. 667-6 (KPF), 2023 WL 3319424, at *3 (S.D.N.Y. May 9, 2023) (same).

Here, Defendant concedes that he has failed to exhaust his administrative remedies.  [ECF No. 57 at 3].  The Government also opposes Defendant's motion, expressly invoking failure to exhaust, among other grounds going to the merits.  Therefore, the Government has indisputably

chosen not to waive the exhaustion requirement in this case. As a result, because Defendant has not yet appealed to the Bureau of Prisons to bring a motion on his behalf, his motion must be DENIED for failure to exhaust the required administrative remedies, and the Court does not reach the underlying merits of Defendant's premature motion.

**SO ORDERED.**

**Date:  March 21, 2024**
       **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**